UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DuPREE PRODUCTIONS, LLC | |
| Plaintiff, | No.    21-cv-1548 |
| v. | NOTICE OF REMOVAL |
| RDE, INC. f/k/a UBID, INC. and KETAN THAKKER | |
| Defendants. | |

RDE, Inc., formerly known as uBid, Inc., and Ketan Thakker, by counsel, hereby file this notice of removal to the United States District Court for the Northern District of Illinois, Eastern Division, and set forth the following grounds for removal:

1.      This suit involves a Petition for Confirmation of Arbitration Award ("Petition") filed in the Illinois Circuit Court, Eighteenth Judicial Circuit, DuPage County, Law Division, on or about February 16, 2021, entitled *DuPree Productions, LLC. vs. RDE, Inc., formerly known as uBid, Inc., and Ketan Thakker*, 2021L000204.  A copy of the Petition is attached hereto.  It was sent by e-mail to Defendants' counsel on February 19, 2021 and constitutes all process, pleadings, and orders received by Defendants in this action.  No Summons has been received.

2.      Upon information and belief, neither RDE, Inc. nor Mr. Thakker has been served with the Petition.

3.      Upon information and belief, Dupree Productions, LLC ("DUPREE") is a Florida Limited Liability Company with a principal place of business in Jacksonville, Florida.

4.       Upon information and belief, and based upon publicly available information, Donald Dupree and Keith Vincent are the sole members of DUPREE.  Upon information and

1

belief, Mr. Dupree is a citizen of Jacksonville, Florida. Upon information and belief, Mr. Vincent is a citizen of Vineyard, Utah.

5.     RDE, Inc.is a Delaware corporation with its principal place of business in Norcross, Georgia.  Ketan Thakker is a citizen of Illinois.

6.     Dupree alleges in its Petition that it is entitled to enforcement of an arbitration award for compensatory damages against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000) as the result of a breach of contract.

7.     This Court has original jurisdiction, pursuant to 42 U.S.C. §1332, in that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.     Venue is proper in the Northern District of Illinois under 28 U.S.C. §1391 because Thakker resides in the Northern District of Illinois.

9.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the state court action is pending.

Dated:  March 19, 2021

Respectfully submitted,

s/Grant Blumenthal

Grant Blumenthal (6238437)
BLUMENTHAL LAW GROUP, P.C.
Attorneys for Defendants
180 N. LaSalle Street, Suite 3700
Chicago, Illinois 60601
(312) 981-5055
gblumenthal@blumenthal-law.com

and

2

David Jacoby (DJ3440)
(Pro Hac Vice Admission Pending)
CULHANE MEADOWS HAUGHIAN
& WALSH, PLLC
Attorneys for Defendants
888 Main Street, #543
New York, New York 10044
(917) 853-0057
djacoby@cm.law

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS, LAW DIVISION**

Candice Adams
e-filed in the 18th Judicial Circuit Court
DuPage County
ENVELOPE: 12223824
2021L000204
FILEDATE: 2/16/2021 11:57 AM
Date Submitted: 2/16/2021 11:57 AM
Date Accepted: 2/17/2021 7:33 AM
JK

| | | |
|---|---|---|
| DUPREE PRODUCTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| RDE, INC. f/k/a UBID HOLDINGS, INC.; and | ) | |
| KETAN THAKKER, | ) | |
| | ) | 2021L000204 |
| Defendant. | ) | |

**PETITION FOR CONFIRMATION OF ARBITRATION AWARD**

NOW COMES the Plaintiff, DUPREE PRODUCTIONS, LLC ("DuPree"), by and through its attorneys, THE COLLINS LAW FIRM, P.C., and for its Petition for Confirmation of Arbitration Award against Defendants, RDE, INC. f/ka UBID HOLDINGS, INC. ("uBid") and KETAN THAKKER, an individual ("Thakker"), states as follows:

**Introduction**

1.      On January 29, 2020, DuPree commenced an arbitration proceeding (the "Arbitration") with the American Arbitration Association (the "AAA") by filing its Demand for Arbitration and Statement of Claims (the "Demand") against uBid and Thakker pursuant to a Partial Equity Payment Agreement (the "Agreement").[1]  On or about June 11, 2020, Defendants filed their response to the Demand.

2.      On February 3, 2021, Arbitrator Mary Pat Benz (the "Arbitrator") issued a written order finding based upon the documents submitted during the Arbitration that DuPree was entitled to recover $195,000.00 plus attorneys' fees and costs from Respondents.  A copy of the Order is attached hereto as Exhibit "1".

---

[1] Subsequent to the filing of the Demand, uBid adopted an amendment to its Certificate of Incorporation reflecting that its corporate name was changed to RDE, Inc.

1

3.      Further, on February 3, 2021, the Arbitrator issued the final award (the "Final Award") finding that DuPree was the prevailing party and awarding damages to DuPree in the amount of $195,000.00 from Defendants, jointly and severally, for Defendants breach of the Agreement and for false statements made in connection therewith.  A copy of the Final Award is attached hereto as Exhibit "2".

4.      The Final Award further reflects an award to DuPree from the Defendants in the sum of $23,733.00 for its attorneys' fees and the sum of $2,681.59 for its costs.

5.      Finally, the Final Award reflects that the Defendants, jointly and severally, shall reimburse DuPree an additional sum of $2,900.00.

6.      Thus, in total, the Final Award found that DuPree is entitled to a judgment in the amount of $223,314.59 against the Defendants, jointly and severally.

**Parties**

7.      DuPree is a Florida limited liability company.

8.      uBid is a Delaware corporation.

9.      Thakker is an individual residing in DuPage County, Illinois.

**Jurisdiction and Venue**

10.     Jurisdiction is proper in this State pursuant to 735 ILCS 5/2-209 because the acts or omissions giving rise to this case occurred in Illinois.

11.     Venue is proper in DuPage County pursuant to 735 ILCS 5/2-101 because Thakker is a resident of DuPage County.

**Argument**

12.     Section 11 of the Illinois Uniform Arbitration Act, 710 ILCS 5/1 et seq., provides for judicial confirmation of arbitral awards upon application of a party unless the respondent urges the court to vacate, modify or correct the award.

13.     "Whenever possible a court must construe an [arbitration] award so as to uphold its validity, and gross errors of judgment in law or a gross mistake of fact will not serve to vitiate an award unless these mistakes or errors are apparent upon the face of the award. (*Garver v. Ferguson*, 76 Ill. 2d 1, 10-11, (1979) (citing *White Star Mining Co. v. Hultberg*, 220 Ill. 578 (1906)).

14.     The Arbitrator, having considered the Agreement between the parties and the false statements made by Defendants concerning same, determined that the Defendants were liable to DuPree for $223,314.59. There are no grounds for vacating, modifying, or correcting the Final Award, as enumerated in 9 U.S.C. § 10-11, which exist. The Final Award was not obtained as a result of corruption, fraud, or undue means, nor did the Arbitrator commit any misconduct.

15.     Applications to vacate an award pursuant to 710 ILCS 5/12 shall be made within 90 days after delivery of a copy of the award. Applications to modify an award pursuant to 70 ILCS 5/13 shall similarly be made within 90 days after delivery of the copy of the award. The Final Award was issued on February 3, 2021. The Defendants have not made any motion to vacate, modify, or correct the Final Award entered against them for $223,314.59.

16.     Once the time period for the Defendants to apply to modify, correct or vacate the Final Award has passed, the confirmation of the Final Award is essentially automatic. *United Steelworkers of Am., AFL-CIO-CLC v. Danly Mach. Corp.*, 658 F. Supp. 736, 737-38 (N.D. Ill. 1987) (citing *Derwin v. General Dynamics Corporation*, 719 F.2d 484, 488-90 (1st Cir.1983) (construing the Massachusetts version of the Uniform Arbitration Act)).

17.     Accordingly, upon expiration of 90 days, the Final Award must be confirmed. 710 ILCS 5/11. DuPree is further entitled to a judgment on the Final Award and costs associated with the confirmation action. 710 ILCS 5/14.

WHEREFORE, the Plaintiff, DUPREE PRODUCTIONS LLC, requests that this Court enter an Order:

A. Confirming the award and entering judgment in the amount of $223,314.59 in favor of Plaintiff DuPree Productions, LLC and against Defendants RDE, Inc. f/k/a uBid Holdings, Inc. and Ketan Thakker, jointly and severally, which amount includes the damages assessed, attorneys' fees and costs, and the administrative fees, expenses, and arbitrator compensation;

B. Awarding Plaintiff DuPree Productions, LLC its costs incurred herein; and

C. Awarding such other and further relief this Court deems equitable and just.

Respectfully Submitted,
**DUPREE PRODUCTIONS, LLC**

Robert L. Dawidiuk
Timothy P. Collins
THE COLLINS LAW FIRM, P.C.
1770 Park Street, Suite 200
Naperville, IL 60563
(630) 527-1595
Firm ID: 24048
rdawidiuk@collinslaw.com
tcollins@collinslaw.com

By: _____
        One of its Attorneys

4

# EXHIBIT 1

**American Arbitration Association**

DuPree Productions, LLC

-vs-                                          Case Number: 01-20-0000-3121

uBid Holdings, Inc. and Ketan Thakker

## <u>ORDER OF ARBITRATOR, February 3, 2021</u>

      This matter came before the Arbitrator for ruling on Claimant's Motion for Sanctions and its Petition For Adverse Inference And Entry Of Judgment (collectively "Motion for Sanctions"). AAA Commercial Rule 58 provides as follows:

> R-58. Sanctions
>
> (a) The arbitrator may, upon a party's request, order appropriate sanctions where a party fails to comply with its obligations under these rules or with an order of the arbitrator. In the event that the arbitrator enters a sanction that limits any party's participation in the arbitration or results in an adverse determination of an issue or issues, the arbitrator shall explain that order in writing and shall require the submission of evidence and legal argument prior to making of an award. The arbitrator may not enter a default award as a sanction.
>
> (b) The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application.

      Claimant's claim in this arbitration, as described below, is supported by the sworn affidavit of Don DuPree and by other documents attached to the Motion for Sanctions. Claimant's submissions show that Claimant and Respondents entered into an agreement in mid-2016 whereby Claimant would provide advertising and endorsement space to Respondents during thirteen episodes of the Emmy Award winning show produced by the Claimant called "A Piece of the Game" in exchange for Respondents paying Claimant a total of $195,000.00. The Respondents aired their advertising, but instead of paying Claimant the $195,000.00, Respondents offered to compensate the Claimant with shares in uBid. Respondents told Claimant that the shares it intended to transfer had a then present value of $60,000.00, but because uBid was about to go public, the shares would increase exponentially in value. Thus Claimant would receive an amount far greater than $195,000.00. Thereafter, Respondents refused to provide additional information about the actual or expected value of the uBid shares that Respondents had transferred to Claimant. Thereafter, Claimant learned that the representations made orally and in writing by Respondents were completely false. They were made to induce Claimant to accept shares in lieu of

1

payment for the advertising and endorsement space. The documents that Respondents have refused to produce relate primarily to the misrepresentations (for which Claimant sought punitive damages).

In the Order of October 15, 2020, I granted Claimant's Motion for Sanctions and identified probable sanctions pursuant to AAA Rule 58, in relevant part, as follows:

2)      Unless full compliance with the September 24, 2020 Order is shown, on or before November 16, 2020, Claimant may produce one or more affidavits from persons with knowledge for use as proof of the allegations that DuPree Productions, LLC provided advertising and endorsement space for Respondents during a show known as "A Piece of the Game"( "the Show"), that Claimant allowed Respondents uBid and Mr. Thacker to air advertising on 13 separate episodes of the Show between July 10, 2016 in October 2, 2016, that the total cost of the advertising and endorsement space provided by Claimant to Respondents was $195,000, and that Respondents have not paid any money to Claimant for that advertising.  Claimant may also present one or more affidavits showing the amount of attorney's fees that Claimant has incurred and/or paid to date in connection with the claims against Respondents that it has asserted in this arbitration.

3)      On or before December 4, 2020, Respondents may present, in writing. any evidence or legal arguments to show cause why an award should not be entered in favor of Claimant as a sanction for Respondents' willful non-compliance with discovery orders. Further, Respondents may offer evidence and legal arguments as provided in AAA Rule R-58(a).

At various times in the Fall of 2020. Respondents have submitted documents, including affidavits made by Mr. Thakker.  The Arbitrator has reviewed Respondents' submissions.  None of Respondents' evidence, arguments, or other submissions have cured or justified the basic defects in their production of requested documents which would likely prove or refute Claimant's claim of misrepresentations about the financial status of uBid.

In the Order of December 16, 2020, I stated that Claimants had submitted sufficient evidence in the form of affidavits and other documents to meet its burden to prove its claim. The claim against Respondent Thakker individually was amply supported by the affidavit of Mr. Dupree which describes, among other things, Mr. Thakker's affirmative misrepresentations about the financial status of Respondent uBid. Claimant's evidence showed that that Claimant was entitled to recover the sum of $195,000.00 plus attorneys' fees and costs from Respondents. I nevertheless permitted Respondents to provide additional information on or before January 4, 2021.

Following the December 16, 2020 order, Respondents raised an issue about Claimant's status as a limited liability company and about its capacity to participate in this arbitration as a limited liability

company. In response, Claimant provided information (and I verified the same) showing that Claimant is a Florida Limited Liability Company in good standing.

Based upon all of the documents submitted, I find that the parties' agreement was performed by Claimant and breached by Respondents. Claimant is entitled to recover $195,00.00 plus attorneys' fees and costs from Respondents. Claimant will not be awarded punitive damages. Accordingly, I grant Claimant's Motion for Sanctions and its Petition For Adverse Inference And Entry Of Judgment.

The requirements of AAA Rule 58 have been met here. First, as described above, the Final Award that I will enter based upon the foregoing will not be a default award. Like a documents-only award, it will be based upon the evidence that proves Claimant's entitlement to $195,000.00 plus attorneys' fees and costs. The affidavit of Mr. DuPree describes the parties' agreement and also identifies Mr. Thakker's misrepresentations made in connection therewith.

Second, Respondents have not complied with AAA Rules and Arbitrator's Orders concerning production of documents during a period of nearly five months. Respondents have been given notice of their non-compliance in several orders, including an order entered on August 26, 2020. The deficiencies in Respondents' production have been identified in writing. Respondents have been given ample opportunity to comply with Claimant's production requests and the Arbitrators orders. Respondents were permitted to do so well beyond the original deadlines for such production. Respondents have also been given ample opportunity to present evidence and legal argument in support of their position.

In sum, I find that the entry of a Final Award based upon documents only is a proper sanction pursuant to AAA Rule 58. The Final Award in favor of Claimant and against Respondents will be entered promptly.

Date: February 3, 2021          /s/Mary Patricia Benz
                                Mary Patricia Benz, Arbitrator

3

Exhibit "2"

**American Arbitration Association**
**Commercial Arbitration Tribunal**

DuPree Productions, LLC ("Claimant")

Case Number: 01-20-0000-3121

-vs-

uBid Holdings, Inc. and Ketan Thakker ("Respondents")

## FINAL AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the above-named parties and dated August 1, 2016, and having been duly sworn, and the case having proceeded on documents only pursuant to AAA Rule 58, and having fully reviewed and considered the written documents submitted to me, do hereby AWARD as follows:

1. Claimant DuPree Productions, LLC is the prevailing party.
2. I find in favor of Claimant DuPree Productions, LLC and against Respondents uBid Holdings, Inc. and Ketan Thakker with respect to the matters submitted to this arbitration. I award damages to Claimant in the amount of $195,000.00 from Respondents, jointly and severally, for Respondents' breach of an agreement dated on or about August 1, 2016 and for false statements made in connection therewith.
3. I award Claimant the sum of $23,733.00 as attorneys' fees and the sum of $2,681.59 as costs from Respondents.
4. I decline to award interest or punitive damages.
5. The sums identified above shall be paid within 30 days of the date of this Award.
6. Unpaid amounts after 30 days shall accrue interest at 9% per annum.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

The administrative fees and expenses of the American Arbitration Association totaling $2,900.00 shall be borne by Respondents. The compensation and expenses of the arbitrator totaling $8,250.00 shall be borne as incurred. Therefore, Respondents jointly and severally shall reimburse Claimant the additional sum of $2,900.00 representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

_February 3, 2021_

Date

_Mary Pat Benz_

Mary Pat Benz, Arbitrator